

GROVER SELLERS
░░░░░░░░░░░░░░
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

Honorable I.B. Hand
Criminal District Attorney
Weatherford, Texas

Dear Sir:

Opinion No. 0-7342

Re: Whether a constable is allowed an
arrest fee in cases where the arrest
is made by state officers and the
constable does not participate in
the arrest, and related questions.

Your letter of October 17, 1946, requesting an opinion of
this department, presents the following three questions which we quote:

"First: Is a constable serving on a fee basis
allowed to charge $4 or any amount as an arrest fee in
instances where arrests were made by state officers,
and in which arrests the constable does not participate?
It is my opinion that an arrest fee cannot be charged
unless the constable actually arrests or participates
in the arrest.

"Second: In event an arrest is made by state
officers who then turn over the accused to the constable
for the constable to lodge in jail and release upon
proper disposition, may the constable charge for arrest,
commitment, and release? In my opinion the constable,
in such case, would be entitled to charge only for com-
mitment and release.

"Third: Is the constable, under any circumstances,
allowed mileage of 20 cents enroute to pick up a prisoner
and 25 cents for return trip with prisoner? It appears to
me that this question is answered by Article 1029, with
respect to a felony, and Article 1065, with respect to
misdemeanor cases; and it appears to me 14 cents per mile
in felony cases, with 8 cents additional for each prisoner,
is the maximum allowable under the statute."

This department has ruled relative to your first question and
a copy of such ruling, Opinion No. 0-106, dated January 18, 1939, is
herewith enclosed.

Under the facts first above state, it is our opinion that
the constable is not entitled to any arrest fee.

Article 1065, Code of Criminal Procedure, in part
provides:

"The following gees shall be allowed the sheriff, or other peace officer preforming the same services in misdemeanor cases, to be taxed against the defendant on conviction:

"  . . . . . . . .

"5.  For each commitment or release, one dollar.

"  . . . . . . . ."

In view of your first question and our answer given above, we consider only in your second question whether the constable in such case is entitled to a commitment and release fee.

In opinion No. 0-2788, approved October 24, 1940, this department held that the constable is entitled to $1.00 for executing each valid commitment in misdemeanor cases. We also held in this opinion, that the constable is not entitled to a release fee unless he has the defendant in his actual and legal custody at the time the defendant pays his fine and costs or satisfies same by laying it out in jail and the constable then and there releases the defendant from the force and effect of a judgment restraining him. The term "release", contemplates a full, final and complete release and discharge from the judgment restraining the defendant.

Answering your second question, the fact that a prisoner under legal arrest by a State officer is turned over to the constable to be jailed, denying the constable an arrest fee, would not prohibit the constable from being allowed a proper commitment or release fee, depending upon the facts of the given case.

We connot answer your third question without specific facts.

Trusting the foregoing answers your request, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Wm. J.R. King
Wm. J.R. King
Assistant

WmK:djm:wc
Enclosure

APPROVED NOV 8, 1946
s/ Harris Toler
First Assistant
Attorney General

Approved Opinion Committee By s/BWB Chairman